MADDOX, Justice.
Can a city council, by ordinance, prohibit the mayor from signing checks drawn on the city’s bank account and designate another to perform this task? In this case of first impression, we find that a city council does have that power, and we affirm.
The East Brewton City Council adopted an ordinance which provided, in part, that the mayor would no longer be authorized to, sign checks or vouchers in connection with' the withdrawal of municipal funds for any purpose. The mayor claimed the ordinance was invalid as being beyond the power of the council. The council obviously believed otherwise. The bank, not knowing which position was correct, filed this action for declaratory relief.
The critical question presented is whether a city council has the power to designate who will perform the function of signing checks drawn on the city’s bank account. The mayor had signed the checks in the past; the ordinance designated the city clerk to perform the function.
The general rule is that:
“The mayor is the official head of a municipal corporation and, except under a city manager form of government, is its chief executive officer. He has such, but only such, executive, judicial, or legislative powers as are conferred on him expressly or impliedly by constitutional, statutory, or charter provisions and valid ordinances, resolutions, or by-laws passed in accordance therewith.” 62 C.J.S. Municipal Corporations § 543(a).
It has long been the law of this state that “[a]ll legislative powers and other powers granted to cities and towns shall be exercised by the council, except those powers conferred on some officers by law or ordinance.” Code 1975, § 11-43-43.
The city “. . . council shall prescribe by an ordinance the powers to be exercised and the duties to be performed by the officers appointed or elected so far as such duties and powers are not prescribed by law.” Code 1975, § 11-43^7.
If not otherwise provided, the council is vested with the duty to manage and control the finances and all property, real and personal, belonging to the city. Code 1975, § 11-43-56.
The city clerk is required to keep a set of accounting books of the financial condition of the city. Code 1975, § 11-43-102. The city treasurer is the statutory custodian of funds. Code 1975, § 11-43-20.
Under Alabama law, the council can decide who is authorized to sign the checks of the city. The judgment of the trial court is due to be affirmed.
AFFIRMED.
JONES, ALMON, SHORES and BEAT-TY, JJ., concur.